IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE OSCAR NINO,

        Plaintiff,

v.                                                                                                     Civil Action No. 1:07cv56
                                                                                                       (Judge Keeley)

BUREAU OF PRISONS, WARDEN MARTINEZ,
MR. BOYLES, MR. AZUMA, MR. VAZQUEZ,
UNKNOWN MEDICAL DOCTORS USP-POLLACK,
MR. SMITH, UNKNOWN HSA USP-POLLACK,
MS. C. KONCHAN, UNKNOWN DOCTOR FMC-
ALEXANDER, UNKNOWN ASSISTANTS FMC-
ALEXANDER.

        Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE
## PROOF OF EXHAUSTION

On April 23, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against defendants Bureau of Prisons, Warden Martinez, Mr. Boyles, Mr. Azuma and Mr. Vazquez. In the complaint, the plaintiff asserts that the defendants have been deliberately indifferent to his serious medical needs for failing to properly treat a navel infection. As relief, the plaintiff seeks, *inter alia*, a preliminary injunction directing the defendants to transfer him to a Federal Medical Center and properly treat his infection. On April 27, 2007, the plaintiff filed a supplement in which he added the other above-named defendants.

On May 23, 2007, the plaintiff was granted permission to proceed as a pauper. The plaintiff was not directed to pay an initial partial filing fee. Accordingly, this case is before the Court for an initial review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§

1915(e) and 1915A.

Upon a review of the complaint and supplement, it is unclear if the plaintiff has exhausted his administrative remedies. Although the complaint itself makes no mention of the plaintiff filing administrative remedies, the supplement briefly references the "PLRA exhaustion scheme." That reference, however, appears to show that the plaintiff did not exhaust his administrative remedies prior to filing suit.[1]

Accordingly, because exhaustion is a prerequisite to suit,[2] within **twenty (20) days** from the date of this Order, the plaintiff is directed to provide the Court with a copy of any and all of his administrative remedies filed with the Bureau of Prisons with respect to the claims raised in the complaint. The failure to comply with this Order in the allotted time will result in the recommendation that these claims be dismissed for the failure to exhaust.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: November 6, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] The supplement states: "Plaintiff alleges that if this case and action goes forward, and plaintiff is held accountable for the PLRA exhaustion scheme, pursuant to 42 USC 1997e(a), these defendants are not under the PLRA exhaustion scheme for this action."

[2] See 42 U.S.C. § 1997(e)(a); Booth v. Churner, 532 U.S. 731, 741 (2001) ("Exhaustion as provided in § 1997(e)(a) is mandatory."); Porter v. Nussle, 534 U.S. 516, 524 (2002) ("A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies.").