IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE OSCAR NINO,

        Plaintiff,

v.                                                Civil Action No. 1:07cv56
                                                     (Judge Keeley)

BUREAU OF PRISONS, WARDEN MARTINEZ,
MR. BOYLES, MR. AZUMA, MR. VAZQUEZ,
UNKNOWN MEDICAL DOCTORS USP-POLLACK,
MR. SMITH, UNKNOWN HSA USP-POLLACK,
MS. C. KONCHAN, UNKNOWN DOCTOR FMC-
ALEXANDER, UNKNOWN ASSISTANTS FMC-
ALEXANDER.

        Defendants.

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On April 23, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against defendants Bureau of Prisons ("BOP"), Warden Martinez, Mr. Boyles, Mr. Azuma and Mr. Vazquez. In the complaint, the plaintiff asserts that the defendants have been deliberately indifferent to his serious medical needs for failing to properly treat a navel infection. As relief, the plaintiff seeks, *inter alia*, a preliminary injunction directing the defendants to transfer him to a Federal Medical Center and properly treat his infection. On April 27, 2007, the plaintiff filed a supplement in which he added the other above-named defendants.

On May 23, 2007, the plaintiff was granted permission to proceed as a pauper. The plaintiff was not directed to pay an initial partial filing fee. Accordingly, on November 6, 2007, the undersigned conducted an initial review of this case pursuant to LR PL P 83.02, et seq., and 28

U.S.C. §§ 1915(e) and 1915A. Upon preliminary review, it was unclear whether the plaintiff had exhausted his administrative remedies prior to filing suit. Thus, the undersigned directed the plaintiff to file proof of exhaustion. On November 28, 2007, the plaintiff filed what purports to be proof of exhaustion. Accordingly, this case is now before the undersigned for preliminary review and report and recommendation.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

---

[1] Id. at 327.

2

**A. Medical Personnel at USP-Pollack and Alexander Medical Center**

In his supplement, the plaintiff adds as defendants, medical personnel who treated him at USP-Pollack in Louisiana and at a medical center in Alexander, Louisiana. However, in order for a court to hear a case, the court must have both subject matter jurisdiction and personal jurisdiction. In this case, the Court has subject matter jurisdiction over the plaintiff's claims because he alleges a violation of his Eighth Amendment rights. See 28 U.S.C. §1331 ("the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Nonetheless, the Court does not have personal jurisdiction over medical personnel who live and work in Louisiana.

For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir.2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a) and states:

> (a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of this subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his or her successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or things in this state;

(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he or she regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state: Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.
(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivisions (1) through (7), subsection (a) of this section may be asserted against him or her.

The Southern District of West Virginia has aptly stated the requirements for finding personal jurisdiction in federal court under the West Virginia long-arm statute:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir.1997).
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) see also In re Celotex, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W.Va. 2004).

Moreover, the Court may *sua sponte* raise the issue of personal jurisdiction when conducting a frivolity review under § 1915. See Hall v. Herman, 896 F. Supp. 588 (N.D. W.Va. 1995).

With regard to the actions of the known and unknown medical personnel at USP-Pollack and the medical center in Alexander, Louisiana, the plaintiff has failed to assert any contact by those defendants with the state of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the complaint, the Court cannot exercise personal jurisdiction over those defendants as any action they took appears to have occurred solely in Louisiana, and not anywhere in West Virginia. Consequently, the plaintiff's claims against the unknown medical doctors at USP-Pollack, Mr. Smith, the unknown HSA at USP-Pollack, and the unknown doctors and other medical assistants at the medical center in Alexander, Louisiana, should be dismissed.

**B.     Defendants BOP, Martinez, Boyles, Azuma and Vazquez**

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d

5

326, 347 (3rd Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort or a threat to good health." See Morales Feliciano v. Calderon Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (citing Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003)).

With regard to defendants BOP, Martinez, Boyles, Azuma, and Vazquez, the plaintiff asserts that those defendants have failed to treat his ruptured navel or have delayed the operation necessary

6

to repair his ruptured navel. As a result, the plaintiff asserts that his medical condition has deteriorated to the point that he suffers pain and sensitivity of the navel, as well as emotional distress, from the ongoing infection and complications resulting from the defendants failure to treat his serious medical condition.

At this time, the undersigned is of the opinion that summary dismissal of this claim would be inappropriate and that defendants BOP, Martinez, Boyles, Azuma and Vazquez should be made to answer the plaintiff's complaint.

### IV. Recommendation

In consideration of the foregoing, the undersigned recommends:

(1) the plaintiff's claims against the unknown medical doctors at USP-Pollack, Mr. Smith, the unknown HSA at USP-Pollack, and the unknown doctors and other medical assistants at the medical center in Alexander, Louisiana, be **DISMISSED for lack of personal jurisdiction**; and

(2) the United States Marshal be directed to **SERVE** a copy of the complaint, a completed summons, and a completed Marshal 285 Form on defendants BOP, Martinez, Boyles, Azuma and Vazquez.[2]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file

---

[2] Because the defendants are an agency of the United States and its employees, the summonses should reflect that the defendants have 60 days in which to answer the complaint. See Fed.R.Civ.P. 12(a)(3)(A). Moreover, pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, a copy of the complaint and a completed summons should also be sent to the United States Attorney for the Northern District of West Virginia, and the Attorney General of the United States in Washington, D.C., via certified mail, return receipt requested.

objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE