# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE OSCAR NINO,

      **Plaintiff,**

v.                                                                                                                       **Civil Action No. 1:07cv56**
                                                                                                                    **(Judge Keeley)**

**BUREAU OF PRISONS, WARDEN
MARTINEZ, MR. BOYLES, MR. AZUMA,
MR. VAZQUEZ AND MS. C. CONCHAN,**

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I.   Factual and Procedural History

On April 23, 2007, the *pro se* plaintiff initiated this civil rights action alleging that the defendants have been deliberately indifferent to his serious medical needs by failing to properly treat a navel infection. This case is before the Court on the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Although the Court issued a <u>Roseboro</u> Notice on August 7, 2008, and granted the plaintiff an extension of time, he has not filed a response to the defendants' motion.

In the complaint, the plaintiff asserts that he incurred a navel infection after a hernia operation that took place in June of 2004 at the Federal Medical Center in Alexander, Louisiana.[1] The plaintiff asserts that an operation is required to correct the problem, that the Bureau of Prisons has informed him that such an operation will take place, but that he has not received the operation. As relief, the plaintiff seeks the required surgery or a transfer to a medical facility.

---

[1] The plaintiff was later transferred to USP-Hazelton where the alleged violation occurred.

In the defendants' motion to dismiss, they assert that the plaintiff's complaint should be dismissed for three reasons. They are:

1) mootness;

2) failure to exhaust; and

3) improper service of process.

As to their mootness argument, the defendants assert that the plaintiff received the requested corrective surgery on August 25, 2007. With respect to their exhaustion argument, the defendants concede that the plaintiff raised this issue in the administrative remedy process but that his claims were rejected because they were not properly filed. Finally, as to their argument that service was improper, the defendants assert that the plaintiff failed to serve the United States by serving a copy of the summons and complaint upon the United States Attorney for the Northern District of West Virginia and the United States Attorney General.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits

and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.  Celotex at 323.  Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party must present specific facts showing the existence of a genuine issue for trial.  Id.  This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Anderson at 256.  The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment.  Id. at

3

248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Thus, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996); see also Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994) (a case becomes moot when the issues presented are no longer live, or when parties lack a cognizable interest in the outcome).

There are, however, recognized exceptions to the mootness doctrine. For example, a case is not moot if the harm alleged is deemed "capable of repetition, yet evading review." See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Nonetheless, that exception applies only when (1) the challenged action is too short in duration to be fully litigate before the case will become moot; and (2) there is a reasonable expectation that the complaining party will be subjected to the same action again. Id. In addition, an inmate may argue that his case should not be mooted upon his transfer or release where the petitioner can show that either (1) the deprivations occurred over time in more than one facility, or (2) that he is a member of a certified class. See Jacobs V. Frank, 2007 WL 737342 (C.A. 7 (Wis) 2007).

In this case, the plaintiff asserts that the defendants have been deliberately indifferent to his serious medical needs and seeks either corrective surgery for his navel infection or transfer to a medical facility for proper treatment. However, during the pendency of this case, the plaintiff

4

received the corrective surgery he has requested as relief. Because of this event, it stands to reason that the plaintiff no longer needs a transfer to a medical facility either, although the Court recognizes that it never had the authority to grant such relief in the first place. See 18 U.S.C. § 3621(b) (the BOP shall designate the place of an inmate's confinement); see also Meachum v. Fano, 427 U.S. 215 (1976) (the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP). Therefore, it is clear that the Court can no longer grant the plaintiff the relief requested in his complaint and none of the exceptions to the mootness doctrine apply.

Moreover, because this case is moot, it is not necessary for the undersigned to address the defendants additional arguments. However, the undersigned notes that the defendants argument with regard to service of process on the United States is incorrect. The docket shows that a copy of the summons and complaint were sent to the United States Attorney for the Northern District of West Virginia and the United States Attorney General on July 24, 2008. According to the signed green cards, service was accepted by the United States Attorney for the Northern District of West Virginia on July 25, 2008 (dckt. 32), and the United States Attorney General on July 30, 2008 (dckt. 33). Thus, it appears that the United States was properly served.

### IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (dckt. 35), be **GRANTED** to the extent that the defendants seek dismissal of this case as moot. The motion should be **DENIED** in all other respects.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to

which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: December 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE